**22SL-CC05248**

Electronically Filed - St Louis County - December 15, 2022 - 02:22 PM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**

| | |
|---|---|
| MAREN E. LOE, | |
| Plaintiff, | |
| v. | Cause No. |
| SECURA SUPREME INS. CO., an Affiliate of SECURA INS. MUT. HOLDING CO., f/k/a SECURA INS. CO., | Div. |
| HOLD SERVICE | |
| Defendant. | |

## PETITION FOR DAMAGES

COMES NOW Plaintiff Maren E. Loe, by and through her undersigned counsel, and for her Petition for Damages, states as follows:

### I. PARTIES

1.    Plaintiff is a resident of the City of St. Louis, Missouri.

2.    Defendant is an affiliate of Wisconsin-based SECURA Insurance Mutual Holding Co., formerly known as SECURA Insurance Co., and is registered to business in the State of Missouri with the Missouri Division of Insurance. Defendant maintains its principal place of business at 1500 Mutual Way, Neenah, WI 54956.

### II. JURISDICTION AND VENUE

3.    This Court has jurisdiction under §§ 478.070; 517.011.[1]

4.    Venue is proper in this Court because there is at least count alleging a tort, Plaintiff was first injured in the State of Missouri, and St. Louis County is "where [Plaintiff] was first injured by the acts or conduct alleged [herein]." § 508.010.4.

---

[1] All statutory citations are to RSMo. unless otherwise noted.

2037925 / 309 / 210259

Electronically Filed - St Louis County - December 15, 2022 - 02:22 PM

### III.   GENERAL ALLEGATIONS

5.      Defendant is in the business of writing and selling insurance, including personal automobile liability insurance, in interstate commerce through agents and brokers to individuals, including residents of the State of Missouri.

6.      Defendant wrote, sold, and bound coverage to Plaintiff with a MILE-STONE *Gold* "home and auto package policy," No. PX 2772221 (hereinafter "Policy"), with Underinsured Motorists (hereinafter "UIM") coverage of $250,000 per person / $500,000 per accident, on or about June 7, 2020.

7.      The Policy lists Plaintiff as the only "named insured."

8.      On or about April 3, 2021, Plaintiff was lawfully riding her bicycle southbound on Hanley Road in St. Louis County, Missouri, near the intersection of Forsyth Boulevard.

9.      At the same time, Antonie Mitrev, a nonparty to this action, was driving northbound on Hanley Road.

10.     Without a green arrow, and in violation of Plaintiff's right of way, Mr. Mitrev attempted to make a left turn onto westbound Forsyth Boulevard and struck Plaintiff.

11.     As a direct and proximate result of the collision, Plaintiff suffered substantial damages including at least: (1) orthopedic, neurological, dental, and soft-tissue injuries; (2) expenses for medical and dental treatment; (3) short-term and long-term wage loss; and (4) pain and suffering.

12.     The Policy was "in full force and effect" on April 3, 2021.

13.     On or about July 8, 2021, Plaintiff, by counsel, promptly notified Defendant of how, when and where the collision occurred, and of a potential claim against Defendant.

2037925 / 309 / 210259

Electronically Filed - St Louis County - December 15, 2022 - 02:22 PM

14.     On October 15, 2021, with Defendant's consent, Plaintiff accepted the full – and woefully insufficient – $25,000.00 bodily injury liability limits of Mr. Mitrev's personal automobile liability policy.

15.     Mr. Mitrev's vehicle was "underinsured" for purposes of the Policy's UIM coverage in that "a bodily injury liability … policy applie[d] to it at the time of the accident but its limit for bodily injury liability [was] less than the minimum limit for bodily injury is less than the limit of liability for [the Policy's UIM] coverage."

16.     As of the date of this filing, although Plaintiff's counsel has engaged in prolonged settlement communications with Brian Walters, the adjuster assigned by Defendant to handle Plaintiff's UIM claim, and provided Mr. Walters with usual and customary claim information and documentation, Defendant has refused to tender the applicable insurance coverage, or any portion thereof.

**COUNT I**
**BREACH OF CONTRACT**

17.     Plaintiff realleges Paragraphs 1-16 as if fully set forth herein.

18.     The Policy provides, *inter alia*, that for and in consideration of Plaintiff's payment of premium(s), and after the limits of liability under any bodily injury liability policy have been exhausted by settlement, Defendant will pay compensatory damages which Plaintiff is legally entitled to recover from the owner or operator of an underinsured motor vehicle because of bodily injury" that is sustained by Plaintiff and caused by an accident.

19.     Plaintiff has complied with the terms of the Policy by:

    a.     timely paying all monthly premiums;

    b.     promptly notifying Defendant of how, when, and where the collision happened, including the names and addresses of any injured persons and of any witnesses;

Electronically Filed - St Louis County - December 15, 2022 - 02:22 PM

c.    cooperating with Defendant in the investigation and settlement of Plaintiff's claim(s) against Mitrev;

d.    promptly sending Defendant copies of any notices or legal papers received in connection with the accident or loss;

e.    providing Defendant medical reports and other pertinent records;

f.    notifying Defendant in writing of the tentative settlement between Plaintiff and Mr. Mitrev and allowing Defendant 30 days to Plaintiff in an amount equal to the tentative settlement to preserve Defendant's rights against Mr. Mitrev or Mr. Mitrev's insurer; and

g.    tendering, by counsel, to Defendant (1) the declarations page of Mr. Mitrev's personal automobile liability policy; (2) Mr. Mitrev's examination under oath; and (3) the St. Louis County Police report regarding the collision, on or about July 9, 2021;

h.    tendering, by counsel, to Defendant a demand letter, along with medical records and bills, regarding the Policy's UIM coverage on, or about June 1-2, 2022;

i.    tendering, by counsel, to Defendant correspondence by Plaintiff's supervisors that substantiated Plaintiff's claim; and

j.    tendering, by counsel, to Defendant a "supplemental demand letter," along with additional tax information, to address Defendant's purported concerns regarding whether conditions precedent to coverage had been satisfied.

k.    tendering, by letters dated October 27, 2022, and November 11, 2022, additional information to Defendant's attorney.

20.    Plaintiff's counsel's November 11, 2022, letter recaps: (1) Plaintiff's Policy was in full force and effect as of the date of loss; (2) liability cannot be denied; (3) Plaintiff's damages greatly exceed her Policy limits; and (4) good faith requires Defendant to pay the applicable limits immediately.

21.    Defendant has refused, and continues to refuse, to provide any coverage to Plaintiff and therefore is, and has been, in continuous breach of its obligations set forth in the Policy.

- 4 -

Electronically Filed - St Louis County - December 15, 2022 - 02:22 PM

22.     Defendant's breach of its contract has directly and proximately caused Plaintiff damage in that she has been denied substantial coverage to which she is entitled by the terms of the Policy.

23.     As a result of Defendant's breach, Plaintiff has been, and continues to be, harmed by Defendant's breach in loss of earnings on the proceeds to which she is contractually entitled, and is incurring expenses, court costs, attorney fees, and the like, which she should not be required to incur to recover the benefits for which she paid.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count I in an amount equal to: (1) all applicable limits of coverage under Secura Supreme Ins. Co. Policy No. PX 2772221, (2) prejudgment interest at a rate of 9 percent per annum until satisfaction of same; and (3) for such other and further relief as the Court deems just and proper.

## COUNT II
## VEXATIOUS REFUSAL TO PAY

24.     Plaintiff realleges Paragraphs 1-23 as if fully set forth herein.

25.     The Policy's "UNDERINSURED MOTORISTS COVERAGE – MISSOURI" Endorsement, PLE 3075, states:

**INSURING AGREEMENT**

**A.** We will pay compensatory damages which an *insured* is legally entitled to recover from the owner or operator of an *underinsured motor vehicle because of bodily injury*:

1.  Sustained by an *insured*; and

2.  Caused by an accident.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the *underinsured motor vehicle*.

We will pay under this coverage only after the limits of liability under any bodily injury liability bonds or policies have been exhausted by payment of judgments or settlements.

2037925 / 309 / 210259

Electronically Filed - St Louis County - December 15, 2022 - 02:22 PM

> Any judgment for damages arising out of a suit brought without our written consent is not binding on us.
>
> If any suit is brought by an *insured person* to determine liability or damages, the owner or operator of the *underinsured motor vehicle* must be made a defendant, and you must notify us of the suit. Without our written consent, we are not bound by any resulting judgment.

26.     Plaintiff's claim satisfies all conditions precedent for coverage, and no Exclusion under the UIM coverage bars Plaintiff's claim.

27.     Plaintiff has made demand on Defendant to meet its contractual obligation, and Defendant has failed and refused to do so; rather, Defendant has attempted to foist costs, inconvenience and unnecessary expense and harassment upon Plaintiff.

28.     Such refusal by Defendant is wrongful, improper, vexatious, and contrary to the contract of insurance at issue herein.

29.     Defendant's conduct in repeatedly failing and refusing to tender all applicable limits of coverage under the Policy without reasonable cause or excuse is "vexatious" within the meaning of §§ 375.296 and 375.420.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count II in an amount equal to the aggregate sum of: (1) all applicable limits of coverage due under Secura Supreme Ins. Co. Policy No. PX 2772221, and interest thereon; (2) a statutory penalty of 20 percent of the first One Thousand Five Hundred Dollars ($1,500.00) of the loss; (3) a statutory penalty of 10 percent of the amount of the loss in excess of One Thousand Five Hundred Dollars ($1,500.00); (4) a reasonable attorney's fee; and (5) prejudgment interest at a rate of 6.83 percent (i.e., a rate equal to the intended Federal Funds Rate, as established by the Federal Reserve Board, plus three percent); and for such other and further relief as the Court deems just and proper.

2037925 / 309 / 210259

Electronically Filed - St Louis County - December 15, 2022 - 02:22 PM

GRAY RITTER GRAHAM

By: **/s/Morry S. Cole**

Morry S. Cole                    #46294
Michael S. Figenshau            #73701
701 Market Street, Suite 800
St. Louis, MO  63101-1826
(314) 241-5620; fax: (314) 241-4140
mcole@grgpc.com
mfigenshau@grgpc.com
**Attorneys for Plaintiff**

2037925 / 309 / 210259